

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2007

# Howell v. PPL Ser Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5074

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Howell v. PPL Ser Corp" (2007). *2007 Decisions.* Paper 1250.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1250

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-5074
_____

DONALD HOWELL,

Appellant

v.

PPL SERVICES CORPORATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 04-cv-04196)
District Judge:  The Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
April 11, 2007

Before: SMITH, NYGAARD, and HANSEN,[*] Circuit Judges.

(Filed:   April 19, 2007)


_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

_____

    *Honorable David R. Hansen, Senior Circuit Judge for the Eighth Circuit Court of
Appeals, sitting by designation.

In this employment discrimination case, Appellant Donald Howell appeals the District Court's order granting summary judgment to Howell's former employer, Appellee PPL Services Corporation, (PPL). We will affirm.

I.

We write only for the parties and briefly describe only those facts essential to a complete understanding of our analysis. Howell, a fifteen year employee of PPL was sent to a training seminar in Florida in October of 2002. Howell's employment with PPL was terminated in October of 2002 after Howell left the training program in Florida early without notifying or receiving permission to depart early from his supervisor. PPL instituted an independent audit of Howell's actions which concluded among other things, that Howell had attempted to hide his early departure from PPL by altering a copy of the parking receipt he submitted for reimbursement to disguise the date upon which he actually returned. The independent auditors concluded that Howell had violated company policies regarding reporting time and expense reimbursement, as well as the company's policies on conduct and employee integrity.

Howell filed a complaint and, after the withdrawal of his original counsel, an amended complaint in the District Court. In this first amended complaint, Howell alleged discriminatory discharge (Count I), and wrongful discharge in violation of public policy. The District Court dismissed Howell's wrongful discharge claim after determining that Howell could not articulate a public policy of the Commonwealth of Pennsylvania that had been implicated by his termination. Howell amended his complaint

2

for a second time, adding a claim for disparate impact (Count II) under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*

In deciding PPL's motion for summary judgment on the age discrimination claims, the District Court assumed that Howell had established a prima facie case and that PPL has produced a legitimate non-discriminatory reason for its actions. Nonetheless, the District Court, in a bench opinion, held that Howell had failed to produce sufficient admissible evidence that similarly-situated employees outside a protected class were treated more favorably or more leniently than Howell for having committed substantially similar offenses. Appendix at 11. The Court granted PPL's motion for summary judgment on Howell's claim of disparate treatment. Additionally, the District Court granted summary judgment on Howell's claim of disparate impact, finding that Howell failed to identify a specific employment practice, that while neutral on its face, discriminated against members of the protected class based on age. Howell timely appealed.[1]

II.

---

1.     We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review of the District Court's grant of summary judgment. *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 466 (3d Cir. 2005).

On appeal, Howell first argues that the District Court erred in dismissing his claim that he was wrongfully discharged in violation of public policy. Specifically, Howell maintains that his employment was terminated because he complained to supervisors about alleged violations of Nuclear Regulatory Commission regulations at PPL's nuclear power plant near Berwick, Pennsylvania.

Although an "employment at will" jurisdiction, the Commonwealth of Pennsylvania has carved out a limited exception to this principle: an employee is permitted to bring a cause of action for wrongful discharge where a termination would violate "a clear mandate of public policy." *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 287 (Pa. 2000). The Pennsylvania Supreme Court has held that in order for the public policy exception to apply, the alleged violation of public policy must be of Pennsylvania public policy, not solely an alleged violation of federal law. *Id.* at 289. ("[A] Plaintiff must do more than show a possible violation of a federal statute ... [and] must allege that some public policy of this Commonwealth is implicated, undermined, or violated."). Moreover, the Pennsylvania Supreme Court reserves for itself the province of deciding what the public policies of the Commonwealth are. That court has specifically instructed that "we declare the public policy of this Commonwealth by examining the precedent within Pennsylvania, looking to our own Constitution, court decisions and statutes promulgated by our legislature." *Id*. at 288.

Here, we agree with the District Court's determination that Appellant has failed to clearly indicate or identify any Pennsylvania public policy that would have been

4

violated had he been terminated for complaining about procedures and perceived violations of NRC regulations in the workplace. "Where the public policy claimed to be violated is not 'clear,' a cause of action for wrongful discharge has not been recognized." *McGonagle v. Union Fidelity Corp.*, 556 A.2d 878, 884 (Pa. Super. Ct.1989). Howell attempts to salvage his claim by citing the federal Energy Reorganization Act of 1974, and the federal Atomic Energy Act as the sources of the public policy upon which his claim is predicated. The policies and purposes of these particular federal statutes, however, are not policies of the Commonwealth of Pennsylvania and as such cannot provide a foundation for Howell's claims. *See McLaughlin*, 750 A.2d at 288. Therefore, the District Court was correct in finding for PPL on the issue of wrongful discharge.

We turn next to the ADEA claims. Howell raises both a disparate impact and a discriminatory discharge claim. We turn first to Howell's disparate impact claim. In ADEA, cases, once an employer puts forth a legitimate, nondiscriminatory reason for an employee's termination, the employee bears the burden of proving that the employer's reason is merely pretext for a discriminatory motive. *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 466-67 (3d Cir. 2005); *Shaner v. Synthes (USA)*, 204 F.3d 494, 501 (3d Cir. 2000). Here, the District Court assumed that Howell had established a prima facie case and that PPL had put forth legitimate, non-discriminatory reasons for his termination. That left it to Howell to show " 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence.' " *Kautz*, 412 F.3d

5

at 67 (quoting *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir.1994)); *Shaner* 204 F.3d at 501 (quoting *Fuentes*). Howell may accomplish this by establishing facts from which a reasonable fact-finder could conclude that the employer's reason "was either a post hoc fabrication or otherwise did not actually motivate the employment action." *Kautz*, 412 F.3d at 67.

Howell has not put forth any evidence that PPL's reason for his termination — violating company policies on time and expenses, and on conduct and employee integrity — were not the true reason for his termination. The District Court determined that Howell failed to produce:

> sufficient admissible evidence that similarly-situated employees outside a protected class were treated more favorably or more leniently than plaintiff for having committed substantially similar offenses. The evidence produced by the plaintiff consists largely, if not totally, of his own understanding of events, which was gained as a result of hearsay, or other inadmissible evidence.

App. at 11. Having conducted our own review of the file on appeal and the District Court's orders and opinion, we find no reason to disturb the Court's ruling on this claim.

Similarly, the District Court's resolution of Howell's disparate impact claim is affirmed. Howell failed to identify any specific employment practice that, while neutral on its face, discriminated against members of the protected class because of their age. The record does not provide any evidence which would permit Howell to identify a specific employment practice which created an alleged disparate impact.

III.

6

Howell has simply not come forward with evidence sufficient to create a genuine issue of fact as to whether PPL's asserted reasons for his discharge were pretextual. For the reasons set forth above, we will AFFIRM the District Court's grant of summary judgment in favor of PPL.